Order
FRANK POMMERSHEIM, Chief Justice.
On 27 August 1998, Defendant/Appellant, filed a Notice of Appeal and Motion to Expedite Stay of Proceedings in this matter of a trial court custody hearing scheduled for August 31, 1998. Neither the notice of appeal nor an attached ‘memorandum’ cites any legal authority on which such stay should or could be granted. As a matter of routine appellate jurisprudence, the burden is always on the moving party to provide the Court with the necessary legal authority that justifies changes in the legal status quo. In the absence of such authority, the moving party’s request must fail as lacking sufficient legal merit. See Cheyenne River Telephone Authority v. Rearman (89-006-A); LeCompte v. Cheyenne River Sioux Tribe (89-013-A).
As a matter of common respect, the trial court is entitled to substantial deference in the scheduling of its own docket calendar. Unless it can be demonstrated that any such decision constitutes an abuse of discretion, this Court will not interfere with routine trial court scheduling matters. No such abuse of discretion has been alleged or demonstrated in this instance.
It goes without saying that cooperation and professional courtesy between the trial bench and practicing bar are essential to the proper administration of justice and we encourage bench and bar to continue their efforts in this direction.
For all the foregoing reasons, the Appellant’s motion for an expedited stay is hereby denied.
Ho hecetu yelo.
IT IS SO ORDERED.